HENRY SCHAFROTH, Appellant, v. BUENA VISTA COUNTY et al., Appellees.

DRAINS: Establishment—Engineer's Report—Sufficiency. Preliminary reports by the engineer, even though lacking in *some* information which might be of value, may be sufficient to give

the establishing board jurisdiction. So held when the report *did* show (a) the boundaries of the proposed district, (b) the location, starting point, route, and terminus of each of the proposed drains, (c) the overflowed lands, and (d) elevations and depressions.

**DRAINS:** Establishment—Territorial Extent—Lands Already Fully **2** **Drained.** Lands *already completely tiled* are justifiably included within a drainage district if *some* special benefit will result to the lands by reason of the drainage district's furnishing a more adequate outlet for said tile.

*Appeal from Buena Vista District Court.*—D. F. COYLE, Judge.

DECEMBER 11, 1917.

APPEAL from the establishment of a drainage district. The facts are fully stated in the opinion.—*Affirmed.*

*James De Land,* for appellant.

*Faville & Whitney* and *Guy E. Mack,* for appellees.

STEVENS, J.—I. Plaintiff is the owner of the south one half of Section 34, Township 90, Range 36, Buena Vista County, Iowa. On April 28, 1915, a petition was filed in the office of the county auditor of Buena Vista County, praying the establishment of a drainage district, which was, on the 16th day of August, 1915, established by the board of supervisors. Appellant, in due time, filed objections to the establishment, and, upon hearing, same were rejected, and the improvement established in accordance with the recommendations of the engineer. From this order, plaintiff appealed to the district court, and from its order and judgment sustaining the finding of the board of supervisors, to this court.

But two questions are presented upon this appeal, and what is said herein is confined wholly to a consideration thereof. Appellees contend: (1) That the report and plat of the engineer appointed by the board of supervisors to

examine and report on the feasibility of the proposed improvement are so inadequate and incomplete that the board was not sufficiently advised thereby of the matters required by statute to be shown by the engineer in his report, of the nature, extent and character of the proposed improvement recommended by him; and (2)   that the lands of appellant included within the boundaries of said district will not be improved or benefited in any way thereby.

1. Drains: establishment: engineer's report: sufficiency.

The engineer in his report refers to a profile and plat, but we do not have the profile before us.  A blue print of the map or plat accompanies appellant's abstract, and shows the boundaries of the district, the location of the proposed tile drainage to be constructed, the swamp and other overflowed lands, and other data necessary to an intelligent understanding of the condition of the lands sought to be improved.   The report of the engineer, which is set out in full, shows the starting point, route, terminus and location of each drain, with numerous elevations, ponds and depressions included within the district.   While other information might have been incorporated therein that would have been helpful to the board of supervisors in passing upon the feasibility of the proposed improvement, we think the plat and report of the engineer sufficiently comply with the statute, and that the board of supervisors had jurisdiction to act upon the petition and recommendation of the engineer.

2. Drains: establishment: territorial extent: lands already fully drained.

II.   The principal contention of appellant, however, is that he has already installed on his premises a complete system of tile drainage which effectually drains the same; that his land is higher than the surrounding land and is not subject to overflow from surface waters; and that same will be in no wise specially benefited by the proposed improvement.   It appears to be conceded that

appellant has placed approximately 27,000 tile on his
land, that same is well drained thereby, that no part
thereof is swamp, and that the water accumulating there-
on will be more rapidly carried away by the proposed
system of drainage than at present; and it is claimed
that, by connecting the tile drainage which it is proposed
to construct with that of appellant, the fall at the outlet
and the outlet for his tiling will be improved and ren-
dered less likely to become obstructed, and the water got-
ten away underground more rapidly, and that appellant's
land will, to some extent, benefit thereby. The engineer
in charge of the improvement testified:

"By this proposed district we provide adequate
means to take care of all that water by tile, so there
would be no surface water overflowing in the area, except
at some periods of extra heavy rains. The three 40's of
the Rodda land, and the Schafroth land, would, the same
as the total area, receive what we call a nominal or gen-
eral benefit—the whole watershed. We make the tiling
system continuous, instead of their having an outlet to
maintain. Our system will improve this outlet in that we
will take all the water underground in our tile, whereas
at present their outlet is partially filled ahead with dirt
in their open ditch. We will provide them a free outlet
and a permanent outlet of such depth that they will not
have the dirt washed away from the top of their tile and
have to replace it, as they have done this summer. If the
dirt washes down from over the tile, it causes a stoppage
in the outlet. If that is cleaned out, it will recur again.
If our system is put in, and adequate tile placed at the
outlet, it will be just like any other point in the tile
system. This will improve the outlet for their whole sys-
tem of tile, and make the maintenance of an outlet at
that point unnecessary. The system I have planned is
designed to be adequate to take care of the water that

would be brought through the drainage system of Rodda and Schafroth and Storey, and the increased water that would flow into the tile naturally from the ground where it is laid, and take care of the whole proposition under normal conditions."

From the above evidence, it appears that appellant's land will derive some benefit from the improvement.

As above stated, the plaintiff appealed from the order establishing the district; but his only grievance is the inclusion of his land therein. The question of whether the land in question will be benefited to a large or small extent is not before us. The engineer appointed by the board of supervisors, who, it must be assumed, was competent and disinterested, reported in favor of the inclusion of plaintiff's land in the district, and, upon the trial, testified as above set out. The board of supervisors and the district court found that plaintiff's land would receive some benefit, and ought to be retained in the district. It is contended by appellees that the highways included within the district will be greatly improved by carrying the water therefrom through tile drains, and that appellant will derive some benefit therefrom. The highway which it is sought to improve lies more than half a mile from plaintiff's land, and it does not appear from the evidence that the improvement of the drainage of the highway will confer any special benefit thereon. Plaintiff's land can be assessed only for such special benefits as are conferred thereon by the improvement, and such as are separate and distinct from the benefits accruing therefrom to the public generally. *Zinser v. Board of Supervisors*, 137 Iowa 660; *Wood v. Honey Creek Drainage & Levee Dist.*, 180 Iowa 159.

The evidence offered upon the trial is in conflict. Appellant and several witnesses called by him, including a civil engineer, testified that his land would derive no

benefit whatever from the improvement; but the board of supervisors and the district court found otherwise, basing their finding, no doubt, largely upon the report and testimony of the engineer in charge. The authority of the board to establish the improvement with boundaries including therein appellant's land, does not depend upon the extent to which the lands will be benefited, but upon whether same will in fact receive some benefit from such improvement. None of the lands included within the district should be assessed in excess of the actual benefits accruing from the improvement. We cannot assume that the lands of appellant will be assessed for any portion of the costs in excess of the benefits derived therefrom.

Upon a careful consideration of the record and the questions argued by counsel, we reach the conclusion that the judgment of the district court should not be disturbed, and same is, therefore,—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.